UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV10 HEA |
| ALAN BLAKE, et al., | ) |
| Defendants. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory, and injunctive relief in this action against Alan Blake, David Dowd, Jon Rosenboom, Stephen L. Limbaugh, Janine Semar, and Linda Easton.

Liberally construing the complaint, plaintiff is challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined.[1] Plaintiff states, Department of Mental Health psychologists are "hired guns" who "evaluate people to meet the criteria for SVP, if you have two (2) sex crimes you have a mental disorder!" Plaintiff summarily states, "Locking plaintiff['s] bedroom door so he cannot go back to his room. This is mental health prison." He also claims that he was involuntarily committed to the SVP program in retaliation for "filing lawsuits over his conditions at the Treatment and Detention facility" in the SVP unit in Farmington, Missouri. He alleges that the SVPA is punitive in effect and asserts that "it must be unconstitutional to confine the involuntarily committed--who may not be punished at all--in unsafe conditions." Plaintiff does not identify any allegedly unsafe conditions, but rather, goes on to state that it is punishment for him "to put a stamp request form in to mental health to get his stamps that was [sic] mail[ed] to him. Punishment." Last, plaintiff alleges that he "has been

---

[1] Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. *See* Mo. Rev. Stat. 632.480, et seq.

at [MSOTC] for 7 years [and] think[s] it is time . . . to have some freedom."

## Discussion

A favorable ruling on plaintiff's claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this case as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Plaintiff's claim that he was civilly committed under the SVPA in retaliation for filing subsequent lawsuits regarding the conditions of his confinement at MSOTC is non-sensical. Moreover, even if plaintiff is attempting to claim that, in retaliation for filing lawsuits, he has not yet been released from the SVP program, the claim would be barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)(before recovering damages for allegedly unconstitutional confinement, plaintiff must prove that the decision has been reversed, expunged, or declared invalid by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus); *see also Cooper v. Missouri Parole Bd.*, 68 F.3d 478 (8th Cir. 1995); *Shafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (*Heck* precluded action that would have implied the invalidity of the denial of parole).

Plaintiff's remaining claims relative to MSOTC's stamp policy and the locking of his bedroom door fail to state a claim or cause of action and do not rise to the level of constitutional violations.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of March, 2007.

*/s/ Henry Edward Autrey*

**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**